UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW G. SILVA,  ) CASE NO. C08-1447-RSM-MAT
 )
    Plaintiff, )
 )
    v. ) ORDER TO SHOW CAUSE
 )
KING COUNTY, et al., )
 )
    Defendants. )
 )

This is a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff is a Washington state prisoner currently incarcerated in the Washington State Penitentiary. He was formerly confined in the King County Jail ("Jail"). He brings this action *pro se* challenging the Jail's policy of monitoring and recording the telephone conversations of all inmates. Plaintiff identifies a total of seventeen defendants, including King County, County employees, Jail staff, and numerous prosecutors. Defendants have not been served with a copy of the complaint. Pursuant to 28 U.S.C. § 1915A, the Court has reviewed the complaint and finds and ORDERS as follows:

(1) The following facts are alleged in plaintiff's complaint: Plaintiff was confined in the Jail from April 2004 until October 6, 2005.[1] (Dkt. No. 1 at 9). It appears that plaintiff was

---

[1] Plaintiff has been a frequent litigator in federal court, having initiated approximately a dozen civil actions. The Court takes judicial notice of certain facts that have been established in

ORDER TO SHOW CAUSE
PAGE -1

originally confined at the Jail as a pretrial detainee but his status changed when he was convicted of robbery in February 2005. (Case No. C04-1484, Dkt. No. 302 at 4, n.2). While confined at the Jail, plaintiff was subject to the Jail's policy of monitoring and recording the telephone conversations of all inmates. Plaintiff alleges that the Jail also monitored and recorded his calls to his attorneys. [2] (Dkt. No. 1 at 9). Plaintiff alleges that as a result, he suffered from mental anguish and emotional distress. (*Id*. at 9). Plaintiff cites no specific effect on any litigation that resulted from the telephone monitoring.

On September 29, 2008, the Court received the instant civil rights complaint. Ordinarily, when a prisoner submits a pleading, the pleading is deemed filed on the day that it is given to prison officials for delivery to the Court, under the so-called "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, however, the rule is inapplicable because the complaint and filing fee were hand-delivered to the Court by someone on plaintiff's behalf. Therefore, the date of filing of the complaint is the date it was received, September 29, 2008.

Plaintiff asserts that the monitoring and recording of his phone calls provides the basis for three claims arising under the federal constitution: (1) violation of his right to procedural due

---

plaintiff's prior cases. For example, plaintiff does not specifically state here that his confinement at the Jail ended on October 6, 2005, but in a prior case, plaintiff informed the Clerk that he was transferred on that date from the Jail into the custody of the Washington Department of Corrections. (Dkt. No. 250 in Case No. C04-1484-JCC). The Court therefore infers that he was transferred out of the Jail on October 6, 2005.

[2] The Court notes that in prior cases in this district, the Jail has acknowledged that it records phone calls of inmates, but denies recording calls between inmates and their attorneys. *See, e.g., Burnhart v. Holgeerts*, Case No. C06-816-RSL (Dkt. No. 48 at 3). Furthermore, Jail officials have also stated that notices are conspicuously posted near the phones alerting inmates that their calls are monitored. (*Id*.)

process; (2) violation of his right to substantive due process; and (3) violation of his right to effective assistance of counsel. (Dkt. No. 1 at 10-11). In addition, plaintiff contends that the monitoring and recording of his phone calls gives rise to three claims under state law: (1) negligence; (2) outrage; and (3) breach of contract. (*Id.* at 11-12).

(2) Section 1915A of Title 28, United States Code, entitled, "Screening," provides that the Court "shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If the Court finds that the complaint "is frivolous, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. 28 U.S.C. § 1915A(b).

At the outset of this screening process, the Court notes two principles that considerably narrow the scope of plaintiff's lawsuit: First, the applicable statute of limitations is Washington's three-year statue of limitations for personal injury actions. *See Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989). Application of this statute of limitations to the instant lawsuit bars all of plaintiff's claims that arose more than three years before the filing of the complaint. Plaintiff filed his complaint on September 29, 2008; therefore, the cut-off date for his claims is three years prior, or September 29, 2005. Because plaintiff's confinement at the Jail ended on October 6, 2005, this leaves only a one-week period, between September 30, 2005 and October 6, 2005, during which any viable claims must have arisen.[3] Second, the Ninth Circuit has held that "no prisoner should

---

[3] Although the statute of limitations is an affirmative defense, it may be grounds for dismissal when it is clear from the face of the complaint that it applies. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (indicating that *sua sponte* dismissal may be appropriate where the record is clear that prisoner conceded

reasonably expect privacy in his outbound telephone calls," unless the calls are made to an attorney. *United States v. Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996). This principle means that plaintiff may not assert a constitutional violation based upon calls he made to non-attorneys. In light of these two principles, the sole viable claim presented in plaintiff's complaint is that the Jail recorded his calls to his attorney between September 30, 2005 and October 6, 2005. Because plaintiff bases this factual claim on three different legal theories, the Court will address each theory in turn.[4]

Procedural Due Process

Plaintiff's claim that the recording of his phone calls violated procedural due process appears to be based upon his argument that the state here created a "liberty interest that entitled [him] to avoid having his phone calls monitored and recorded." (Dkt. No. 1 at 10). Plaintiff cites *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002), for support. However, plaintiff's reliance on *Valdez* is misplaced because the Ninth Circuit held in *Valdez* that the statute at issue did *not* create a liberty interest. *See* 302 F.3d at 1045. In addition, the test used by the *Valdez* court does not apply to plaintiff's claim because the plaintiff in *Valdez* was a pretrial detainee while here plaintiff's only viable claim arose when he was no longer a pretrial detainee but a convicted inmate. Under the appropriate standard, set forth in *Sandin v. Connor*, 115 S. Ct. 2293, 2300 (1995), a court must look to the particular restriction imposed and ask whether it "present[s] the type of

---

nonexhaustion).

[4] The discussion below is not intended to cover every obstacle that plaintiff's complaint faces, but rather to focus on the most significant. For example, the discussion does not include possible bars such as immunity of the defendants, exhaustion of administrative remedies, or the "physical injury" requirement under 42 U.S.C. § 1997e(e).

atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* Here, the monitoring and recording of phone calls does not present an atypical and significant deprivation that would create a liberty interest. *See United States v. Poyck*, 77 F.3d at 291 ("Although prisoners do not forfeit all their privacy rights at the jailhouse steps, they do have those rights *severely* curtailed.") (citation and footnote omitted) (emphasis added). Accordingly, plaintiff's claim based upon procedural due process lacks merit and should be dismissed.

Substantive Due Process

Plaintiff bases his substantive due process claim on his contention that the policy of recording inmates' phone calls "is outrageous conduct that shocks the conscience and universal sense of justice." (Dkt. No. 1 at 10). However, as noted above, "no prisoner should reasonably expect privacy in his outbound telephone calls," unless the calls are made to an attorney. *United States v. Poyck*, 77 F.3d at 290-91. Plaintiff cites no legal authority to support his contention. Accordingly, plaintiff's claim based upon substantive due process lacks merit and should be dismissed.

Right to Counsel

Plaintiff's claim based upon the Sixth Amendment right to effective assistance of counsel is as follows, in its entirety:

> "When the defendants actually monitored and recorded Silva's attorney-client calls, they violated his Sixth Amendment right to confidential attorney-client communications. Accordingly, Silva has [sic] cause of action under 42 U.S.C. § 1983 for the violation of his rights."

(Dkt. No. 1 at 11).

These allegations are insufficient to state a claim for violation of plaintiff's Sixth

Amendment right to counsel. Nowhere does plaintiff describe how the monitoring and recording of his calls to his attorney actually prejudiced him. For example, plaintiff does not allege that the content of his calls was revealed to any law enforcement officer or prosecutor, or used against him in *any* proceeding. In addition, the Court takes judicial notice of two factors that indicate that plaintiff could not have suffered any prejudice due to a violation of his right to counsel: First, the record of plaintiff's proceedings in state court shows that plaintiff's trial and sentencing were both concluded by September 2, 2005. (Dkt. Nos. 208F and 208C in *State v. Silva*, Case No. 04-1-12167-8).[5] Thus, plaintiff's trial and sentencing were concluded *before* September 30, 2005 and any recording of phone calls that may have caused him prejudice during those proceedings may not be raised now. Second, the Court notes that in a prior proceeding here, the record reflected that plaintiff represented *himself* during the sentencing phase of his state court proceedings. (Case No. C04-1484, Dkt. No. 174 at 4). Therefore, he does not appear to have had an attorney representing him during the period in question. In light of these circumstances surrounding plaintiff's criminal proceedings in state court, plaintiff's claim based upon the Sixth Amendment lacks merit and should be dismissed.

Plaintiff's Claims based upon State Law

Plaintiff's complaint also presents claims for negligence, outrage and breach of contract. (Dkt. No. 1 at 11-12). These claims are apparently based upon state law. Because the Court recommends dismissal of plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims. *See Carnegie-Mellon Univ. V.*

---

[5] This record is available through the website of the King County Superior Court: www.kingcounty.gov/courts/superiorCourt.

01 *Cohill*, 484 U.S. 343, 350 n.7 (1988).

02     (3) Based on the foregoing reasons, the Court directs plaintiff to SHOW CAUSE, within 21 days from the date of this Order, why the complaint and this action should not be dismissed for failure to state a claim upon which relief may be granted. If plaintiff does not file a timely or adequate response to this Order, the Court will recommend that this matter be dismissed.

    (4) The Clerk shall send a copy of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

    DATED this 7th day of October, 2008.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge